# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-139V
Filed: May 24, 2021

| | |
|---|---|
| KATELYN UGLIALORO<br>*on behalf of L.U., a minor,*<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent. | UNPUBLISHED<br><br>Decision on Damages;<br>Proffer; Concession;<br>Fistula; Abscess;<br>Measles-mumps-rubella-varicella ("MMRV"). |

*James Moyles, Esq.*, Moyles Muzic Law, Lemoyne, PA, for petitioner.
*Mary Holmes, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On February 10, 2020, Katelyn Uglialoro ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program on behalf of L.U., her minor daughter.[2] Petitioner alleges that L.U. received a measles-mumps-rubella-varicella ("MMRV") vaccination on March 25, 2019, and thereafter suffered from an infected sinus tract fistula/abscess on her left thigh. *See* Petition at 1, ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On February 22, 2021, respondent filed a report pursuant to Vaccine Rule 4(c) conceding that L.U.'s injury was more likely than not caused by the MMRV vaccination that she received on March 25, 2019, and that petitioner is entitled to compensation in this case. Respondent's Report at 1, ECF No. 30.

On February 25, 2021, I issued a ruling on entitlement finding that petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 33.

Respondent filed a proffer on May 24, 2021, agreeing to issue the following payment:

**A lump sum of $168.97, representing past unreimbursable expenses, in the form of a check payable to petitioner, Katelyn Uglialoro.**

**A lump sum of $911.41, representing compensation for satisfaction of the Commonwealth of Pennsylvania lien, in the form of a check jointly payable to petitioner and the Commonwealth of Pennsylvania Department of Human Services:**
>   **Commonwealth of Pennsylvania**
>   **Bureau of Program Integrity**
>   **Division of Third Party Liability**
>   **Recovery Section**
>   **P.O. Box 8486**
>   **Harrisburg, PA 17105-8486**
>   **ID #: 300 430 771**
>   **Attn: Bradley Hill**

**Future annuity payments of $23,845.94 payable on February 20, 2033, $26,252.63 payable on February 20, 2036, and $28,569.20 payable on February 20, 2039, representing pain and suffering, payable to the life insurance company from which the annuity will be purchased.**

These foregoing amounts represent compensation for all damages that would be available under § 300aa-15(a).

Proffer, ECF No. 39.

I adopt the respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/ Mindy Michaels Roth
> Mindy Michaels Roth
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

_____
)
KATELYN UGLIALORO )
on behalf of L.U., a minor, )
)
     Petitioner, )
) No. 20-139V
v. ) Special Master Roth
) ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
     Respondent. )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 22, 20121, respondent filed a Vaccine Rule 4(c) report concluding that L.U. suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34. Accordingly, on February 25, 2021, the Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for L.U.'s injury. Respondent now proffers that petitioner receive an award as follows:

**II.    Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should L.U. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to L.U.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $168.97, in the form of a check payable to petitioner. Petitioner agrees.

B.  Medicaid Lien

Respondent proffers that L.U. should be awarded funds to satisfy a Commonwealth of Pennsylvania Medicaid lien in the amount of $911.41, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments that the Commonwealth of Pennsylvania has made to or on behalf of L.U. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about March 25, 2019, under Title XIX of the Social Security Act. Reimbursement of the Commonwealth of Pennsylvania lien shall be made through a lump sum payment of $911.41, representing compensation for satisfaction of the Commonwealth of Pennsylvania lien, payable jointly to petitioner and Commonwealth of Pennsylvania Department of Human Services, and mailed to:

> Commonwealth of Pennsylvania
> Bureau of Program Integrity
> Division of Third Party Liability
> Recovery Section
> P.O. Box 8486
> Harrisburg, PA 17105-8486
> ID #: 300 430 771
> Attn: Bradley Hill

Petitioner agrees to endorse this payment to Commonwealth of Pennsylvania Department of Human Services.

    C.    <u>Pain and Suffering</u>

For pain and suffering, an amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to L.U. as set forth below:

1. A certain lump sum of $23,845.94 payable on February 20, 2033.

2. A certain lump sum of $26,252.63 payable on February 20, 2036.

3. A certain lump sum of $28,569.20 payable on February 20, 2039.

Should L.U. predecease any of the certain lump sum payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of L.U.'s death.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

These amounts represent all elements of compensation to which L.U. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5]

II. **Summary of Recommended Payments Following Judgment**

    A.    Past Unreimbursble Expenses: **$168.97**

    B.    Medicaid lien: **$911.41**

    C.    An amount sufficient to purchase the annuity contract described above in section II. C.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

*/s/Mary E. Holmes*
MARY E. HOLMES
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-5022
Fax: (202) 616-4310

DATED: 5/24/2021

---

[5] At the time payment is received, L.U. will be an adult, and thus guardianship is not required.