# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-139V
Filed: September 28, 2021

| | |
|---|---|
| * * * * * * * * * * * * * | |
| KATELYN UGLIALORO | * |
| *on behalf of L.U., a minor,* | *   UNPUBLISHED |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Attorneys' Fees and Costs |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*James R. Moyles*, Moyles Muzic Law, Lemoyne, PA, for petitioner.
*Mary E. Holmes*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 10, 2020, Katelyn Uglialoro ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of her minor daughter, L.U.[2] Petitioner alleged that L.U. suffered from an infected sinus tract fistula/abscess on her left thigh as a result of receiving a measles-mumps-rubella-varicella vaccination on March 25, 2019. *See* Petition (ECF No. 1). On May 24, 2021, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 40).

On July 15, 2021, petitioner filed an application for final attorneys' fees and costs. (ECF

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 45) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $18,727.75, representing $18,247.50 in attorneys' fees and $480.25 in costs. Fees App. at 2, 6.[3] Respondent responded to the motion on July 21, 2021, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2 (ECF No. 46). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

#### a. Attorneys' Fees

The undersigned has reviewed the submitted billing statement and finds that the overall amount requested for attorneys' fees is reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent

---

[3] Petitioner's motion requests $19,208.00 in total fees and costs. Fees App. at 3. However, this number is incorrect based upon the individual amounts for fees and costs requested. Accordingly, the undersigned has determined that $18,727.75 is the proper amount requested.

also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $18,247.50.[4]

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $480.25. This amount is comprised of the Court's filing fee and the filing fee for the petition for approval of minor settlement in the Orphans Court Division of Schuylkill County. These costs are reasonable and shall be fully reimbursed.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $18,727.75, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. James Moyles, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                **s/Mindy Michaels Roth**
                                                Mindy Michaels Roth
                                                Special Master

---

[4] In finding the amount requested for attorneys' fee reasonable, the undersigned is not making any specific finding regarding the reasonableness of counsel's individual hourly rates, or whether an attorney practicing in Lemoyne, Pennsylvania is entitled to receive forum rates for Vaccine Program work. Rather, based on the totality of the circumstances, the total amount billed for the hours spent in this compensated case is being deemed acceptable.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).